# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 21, 2025

Lyle W. Cayce
Clerk

No. 21-20497

Christine Morgan; Denise Morgan,

*Plaintiffs—Appellees*,

*versus*

Elvia Barrera; Linda Arriazola,

*Third Party Defendants—Appellants*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:20-CV-1150

Before Richman and Ho, *Circuit Judges*.[*]

Priscilla Richman, *Circuit Judge*:[**]

This appeal involves a dispute over the beneficiary to the proceeds of a life insurance plan governed by the Employee Retirement Income Security Act of 1974 (ERISA). The competing claimants to the proceeds contest whether the plan participant, Janie Barrera, had properly designated

---

[*] Judge Gregg Costa was a member of the panel assigned to this case but resigned from the court after the case was submitted. This case is decided by a quorum under 28 U.S.C. § 46(d).

[**] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 21-20497

Christine and Denise Morgan as her beneficiaries before she died or if the proceeds should pass to Barrera's sisters under the plan's default provisions. Both parties moved for summary judgment. The district court ruled in favor of the Morgans. Barrera's sisters appealed. We affirm.

**I**

Barrera was a plan participant of an ERISA-governed life insurance plan. As an employee of Walgreens, she was insured under the company-paid insurance policy. Prudential issued the employee benefit plan that governed the policy.

Barrera initially designated her sisters as her life insurance beneficiaries in 2009. Several years later, the plan notified Barrera that Walgreens no longer had access to prior beneficiary designation forms and advised her that she needed to file a new beneficiary designation form on or after January 1, 2016. If she did not file a new beneficiary designation form, then any amount of insurance under the coverage would be payable as if there were no beneficiary at her death in accordance with the plan's default provisions. Barrera did not file a new beneficiary form.

In September 2018, Barrera gave Christine Morgan a general power of attorney as well as a durable power of attorney for health care. In October, Barrera signed a document, witnessed by a nurse, regarding the disposition of her assets which stated that she wanted the Morgans to receive her life insurance proceeds. Barrera also told her pastor that she wanted the Morgans to receive all of her benefits and that she did not want anything to go to her sisters.

Later that month, Barrera was hospitalized. Christine Morgan was with her and called Walgreens three times. During the first call, Morgan represented herself as "Christine Morgan" and claimed to be Barrera's power of attorney. The Walgreens representative informed Morgan that the

power of attorney document was not on file and that Walgreens has a policy that requires a fourteen-day confirmation process to validate and approve a power of attorney.

During the second call, Morgan identified herself to the Walgreens representative as Barrera. The representative added the Morgans as Barrera's beneficiaries. During the third call, Morgan identified herself as "Christine Morgan" and told the representative that she and Barrera were in the same room. Barrera stated that she wanted the Morgans as her beneficiaries. Christine Morgan asked the representative to confirm. The representative confirmed that the Morgans were the beneficiaries.

In November, after Barrera's death, Prudential mailed Christine Morgan a letter implicitly recognizing her as the beneficiary and informing her of the steps to begin the life insurance claim process. Walgreens then discovered that the beneficiary changes were made without a power of attorney on file. A third-party administrator, Alight Solutions, LLC (Alight), began a fraud investigation, during which Walgreens froze Barrera's account.

After the investigation, Walgreens advised Prudential to proceed as if no designation existed. In February 2019, Prudential informed Christine Morgan that it required an extension of time to complete a claim determination. In April, Prudential notified the Morgans and Barrera's sisters that it would pay the benefits to Barrera's highest surviving heirs under the plan's default provisions. It did, however, invite the Morgans to sue to restrain Prudential from releasing the proceeds to Barrera's heirs.

The Morgans sued Prudential. Prudential sought interpleader relief, stating that it could not "determine factually or legally who is entitled to the Death Benefit." Prudential joined Barrera's sisters and was dismissed by the district court. The Morgans and Barrera's sisters filed cross motions for

summary judgment.    The district court ruled in favor of the Morgans.
Barrera's sisters appealed.

## II

This court "reviews summary judgments de novo, applying the same
standards applied by the district court."[1]  "A grant of summary judgment is
proper if there is no genuine issue of material fact and the moving party is
entitled to judgment as a matter of law."[2]

Barrera's sisters argue that the district court erred in granting the
Morgans' summary judgment motion because the Morgans lack standing
under ERISA and Barrera did not substantially comply with the change-of-
beneficiary requirements.  We disagree.

## A

Barrera's sisters first argue that the district court erred in granting the
Morgans' motion for summary judgment because they lack standing under
ERISA.  They contend that the Morgans lack standing for two reasons:
(1) they failed to exhaust administrative remedies, and (2) they are not
statutory "beneficiaries."

"This court requires that claimants seeking benefits from an ERISA
plan must first exhaust available administrative remedies under the plan
before bringing suit to recover benefits."[3]  However, there is an exception for
when resorting to administrative remedies would be futile.[4]  As a district

---

[1] *Baker v. Metro. Life Ins. Co.*, 364 F.3d 624, 627 (5th Cir. 2004) (italics omitted).

[2] *Id.*

[3] *Bourgeois v. Pension Plan for Emps. of Santa Fe Int'l Corps.*, 215 F.3d 475, 479 (5th Cir. 2000).

[4] *Hall v. Nat'l Gypsum Co.*, 105 F.3d 225, 232 (5th Cir. 1997).

court in this circuit has explained it, in interpleader actions, "because payment of any [benefits claim] requires a determination of the proper beneficiary and her status as same, [the insurance company] will be faced with the same issue that drove it to file th[e] Interpleader Action in the first place," thereby making the exhaustion requirement "futile."[5] Further, none of the purposes served by the exhaustion requirement would be met by denying the Morgans access to the courts.[6] "[T]he purposes of the exhaustion requirement include[] minimizing the number of frivolous ERISA suits, promoting the consistent treatment of benefit claims, providing a nonadversarial dispute resolution process, and decreasing the time and cost of claims settlement."[7] The concerns these purposes are meant to address are not present in the interpleader context. Non-exhaustion does not defeat standing in this case.

Next, a "[b]eneficiary," as defined in the enforcement statute, is "a person designated by a participant, or by the terms of an employee benefit plan, who is or *may become* entitled to a benefit thereunder."[8] Additionally, "Rule 22(1) interpleader allows a party to join all other claimants as adverse parties when their claims are such that the stakeholder may be exposed to multiple liability."[9] As our sister circuit has emphasized, in cases in which the insurance company has properly asserted an interpleader action, "it does

---

[5] *Hartford Life & Accident Ins. Co. v. Varnado*, No. 16-15-SDD-EWD, 2016 WL 9525710, at *6 (M.D. La. Nov. 23, 2016).

[6] *See Hall*, 105 F.3d at 232.

[7] *Id.* at 231.

[8] 29 U.S.C. § 1002(8) (emphasis added).

[9] *Metro. Life Ins. Co. v. Marsh*, 119 F.3d 415, 418 (6th Cir. 1997); *see also Metro. Life Ins. Co. v. Bigelow*, 283 F.3d 436, 439-40 (2d Cir. 2002); *Aetna Life Ins. Co. v. Bayona*, 223 F.3d 1030, 1034 (9th Cir. 2000).

No. 21-20497

not matter whether [claimants themselves] have standing to assert an ERISA cause of action."[10]   The Morgans have standing as potential beneficiaries and as claimants in the interpleader action.

## B

Barrera's sisters next argue that, regardless, Barrera did not substantially comply with the policy requirements to change her beneficiary.

ERISA is silent on how to choose a beneficiary among disputing claimants.   But under the federal common law doctrine of substantial compliance, a policyholder's attempted change in beneficiary is sufficient "when the insured: (1) evidences his or her intent to make the change and (2) attempts to effectuate the change by undertaking positive action which is for all practical purposes similar to the action required by the change of beneficiary provisions of the policy."[11]

Here, Barrera evidenced her intent to change her beneficiary designation and took some positive action to effectuate that change.  She stated multiple times that she wanted the Morgans to receive her life insurance proceeds, including once to a Walgreen's representative.  Further, it appears that Prudential accepted and complied with the attempted change.[12]   After Barrera's death, Prudential sent a confirmation letter to

---

[10] *Marsh*, 119 F.3d at 418.

[11] *Phx. Mut. Life Ins. Co. v. Adams*, 30 F.3d 554, 564 (4th Cir. 1994) (quoting *Phx. Mut. Life Ins. Co. v. Adams*, 828 F. Supp. 379, 388 (D.S.C. 1993)).

[12] *See W. Coast Life Ins. Co. v. Fales*, No. SA-14-548 (RCL), 2015 WL 225065, at *4 (W.D. Tex. Jan. 14, 2015) ("[I]t is apparent that courts employ the equitable tool of substantial compliance when an insurance company has *not* accepted or, often times, not received, a change of beneficiary request prior to the policyholder's death."); *see also Am. Home Life Ins. Co. v. Stockslager*, No. 3:14-CV-2860-BF, 2016 WL 1071104, at *1 (N.D. Tex. Mar. 17, 2016) ("When an insurance company accepts and complies with a request to

No. 21-20497

Christine Morgan. Though Barrera's sisters argue that Prudential's letter "never identified either of the Appellees as policy beneficiaries," the text and purpose of the letters belie this understanding. The letter invited Christine Morgan to "begin the claim process." It also identified her as a "beneficiary" by stating, "The loss of a loved one is indeed a time of great sadness. . . . We understand this, and that's why we developed a Beneficiary Support Center to help you through these difficult times." The letter thus evinces Prudential's recognition that the Morgans are Barrera's intended beneficiaries. The district court did not err in rendering judgment for the Morgans.

\* \* \*

For these reasons, we AFFIRM the district court's judgment ruling in favor of the Morgans.

---

change a beneficiary, all defects in the request are waived and the method of request is considered satisfactory.").